### *In re* Vito Rullo.[1]

*(Circuit Court, S. D. New York. May 29, 1890.)*

1. **Habeas Corpus—Review of Facts.**
   This court, on *habeas corpus* proceedings, is not authorized to take evidence as to facts, which another tribunal, of a *quasi* judicial character, is constituted by law for the purpose of inquiring into and determining.
2. **Same—Contract Labor Law—Act Feb. 23, 1887—State Officers.**
   Where immigrants have been prevented from entering the country on the ground that they have come contrary to the provisions of the contract labor law, the finding as to the facts by the superintendent of immigration, when confirmed by the collector, acting pursuant to the regulations of the secretary of the treasury, is a finding of a tribunal duly constituted by law, and is not subject to review by this court. Under the act of February 23, 1887, the secretary of the treasury has the right to appoint a superintendent of immigration, in lieu of state officers.

At Law. On petition for *habeas corpus.*

*L. Ullo,* for petitioners.

*Daniel O'Connell,* Asst. U. S. Atty., in opposition.

Brown, J. The petitioners, immigrants from Italy, having been forbidden to land, on the ground that they came here on contracts for labor prohibited by the statutes of 1885 and 1887, seek a release upon *habeas corpus,* on the grounds—*First,* that there has been no investigation of their case by any competent legal tribunal; and, *second,* that the statements in their affidavits, upon which the refusal to permit them to land was based, were incorrectly understood or incorrectly translated, and that they did not come here under any contract of labor. It has been repeatedly held in immigration cases that, under the statutes above referred to, and others similar, the court upon *habeas corpus* is not authorized to take evidence upon the original question as to the facts concerning the immigrant's right to land, where another tribunal of a *quasi* judicial character is constituted by law for the purpose of inquiring into such facts, and, determining the immigrant's right; but that the office of the writ of *habeas corpus* is to inquire into the jurisdiction exercised by that tribunal, and whether it has kept within its legal limits, and proceeded according to law. Inquiry into the facts may be had so far as

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

is necessary to determine that question. *In re Dietze*, 40 Fed. Rep. 324; *In re Cummings*, 32 Fed. Rep. 75; *In re Day*, 27 Fed. Rep. 681, and cases there cited.

In the present case the return to the writ shows that an examination of the immigrants was had by the superintendent of immigration. The affidavits of the petitioners translated from Italian into English, and signed by their mark, and certified to the collector by the superintendent along with his report, show plainly that the petitioners came within the prohibition of the law. It is alleged that a mistake was made in the language of the affidavits, either in understanding what the petitioners stated, or in the translation of it. This is a matter, however, which, as held in the *Case of Dietze, supra*, cannot be inquired into before this court; it being admitted that an examination at the time stated was had, the affidavit made, and no fraud or imposition being charged in the proceeding. The correction of such errors, if they were errors, can only be made upon a rehearing, which can be allowed at his discretion by the collector, and on his direction by the superintendent, or upon appeal, under the regulations, by the secretary of the treasury; and it is to be presumed that such discretion will be exercised in favor of applicants, whenever they present a reasonable and proper case therefor.

The examination into the right of the immigrants to land was made in this case by the superintendent of immigration, an officer appointed by the secretary of the treasury, and not by the state commission, board, or officers designated by the governor of the state, as provided for in the sixth section of the act of February 23, 1887, (24 St. at Large, 415.) The authority of the secretary of the treasury to substitute such an appointee in place of that board rests upon the general power given him in the first two lines of that section, which charge the secretary with the duty of "executing the provisions of this act." No doubt, question may be made as to the construction of that section, and of the secretary's authority in this respect. But if the secretary, in examining into the immigrant's right to land, had no power to proceed except in the particular manner provided in the residue of that section, viz., through the state officers, then, in case of a refusal by those officers to act, the law would become nugatory, so far as respects landing, from the want of any means of enforcing it. Such a result would be plainly contrary to the intent of the act, and the construction of the language of the act is not necessarily such as to entail that result. I deem it my duty, therefore, to sustain the construction given to it by the department, and its authority to appoint a superintendent of immigration, in case of dissatisfaction with the state officers, to perform the same duties the latter had previously performed, and to act as a *quasi* judicial tribunal for the determination of the right of the immigrant to land in the same manner, and with the same effect, as the state commission or board of officers mentioned in the sixth section above referred to were authorized to act. The finding of the superintendent, when confirmed by the collector, acting pursuant to the regulations of the secretary of the treasury, I must therefore hold a finding by the tribunal duly constituted by law,

as to the facts in question. The proceeding being regular, and within its jurisdiction, is binding here. Relief must be sought there. The *habeas corpus* is therefore discharged, and the petitioners remanded.